# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**EDDIE L. SHIPLEY,**

      **Defendant.**

Case No. 2:05-cr-49(5)
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

Before the Court is Defendant Eddie Shipley's ("Defendant") pro se motion for appointment of different counsel to review Defendant's eligibility for relief under the First Step Act. For the following reasons, Defendant's motion is **DENIED.**

On June 20, 2006, Defendant pled guilty one count of conspiracy to distribute over five grams of crack cocaine and one count of possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 182.) On October 5, 2006, the Court sentenced Defendant to 70 months' imprisonment (which the Court later reduced to 60 months) for the drug conspiracy conviction to run concurrently with the Defendant's state court sentence. (ECF Nos. 206, 226.) For the possession of a firearm in furtherance of drug trafficking conviction, the Court sentenced Defendant to 60 months' imprisonment to run consecutively to the Defendant's state court sentence. (*Id.*) On November 8, 2019, Defendant finished serving his state sentence and was transferred to federal custody where he remains imprisoned. (ECF No. 235.)

In 2018, Congress passed the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194 (2018). The First Step Act allows certain federal prisoners to earn time credits and reduce the time

1

remaining on their sentences. A prisoner is not eligible to receive time credits if the prisoner is serving a sentence for certain offenses, including "unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime" under 18 U.S.C. § 924(c). 18 U.S.C. § 3632(d)(4)(D)(xxii).

Following the passage of the First Step Act, this Court issued General Order No. 19-01 on January 25, 2019, which reads in pertinent part:

> The Court in this order appoints the Federal Public Defender to review the list of potential defendants who may be eligible for relief and to consult with the United States Attorneys Office. The Defenders office will first determine whether the office has a potential or actual conflict of representation. If no conflict exists, then the Federal Defender's office will, by this Order, represent those defendants. If, on the other hand, a conflict exists, then Criminal Justice Act counsel shall be appointed using normal Court procedure to determine the eligibility for relief, and any other representation as may be necessary.

On March 7, 2019, Pursuant to General Order No. 19-01, Defendant was appointed Criminal Justice Act counsel Scott Culbert to review the Defendant's eligibility for relief under the First Step Act.

On September 14, 2020, Defendant filed a pro se motion requesting the Court to appoint of different counsel to review his eligibility for relief under the First Step Act. (ECF No. 235.) Defendant states that he wants different counsel appointed because Mr. Culbert has not answered his questions about the First Step Act. (*Id.*)

On September 24, 2020, Chief Magistrate Judge Deavers ordered Mr. Culbert to file a status report regarding Defendant's eligibility for relief under the First Step Act. (ECF No. 236.) Mr. Culbert filed a status report that same day. (ECF No. 237.)

In the status report, Mr. Culbert concludes that Defendant is not entitled to relief under the First Step Act because he was convicted of a crime of violence. (*Id.*) Mr. Culbert also states that he has spoken to Defendant through letter and by phone, and has spoken to Defendant's family about the case. (*Id.*) Mr. Culbert sent Defendant a letter on September 24, 2020 explaining his conclusion that Defendant is not eligible for relief. (*Id.*) The Court agrees with Mr. Culbert.

Defendant is not eligible for relief under the First Step Act because he is serving a sentence for a conviction under 18 U.S.C. § 924(c) for unlawful possession of a firearm in furtherance of a drug trafficking crime. 18 U.S.C. § 3632(d)(4)(D)(xxii). Therefore, the Defendant's motion for the appointment of different counsel to review his eligibility for relief is **DENIED.**

**IT IS SO ORDERED.**

**10/9/2020**                         **s/Edmund A. Sargus, Jr.**
**DATE**                              **EDMUND A. SARGUS, JR.**
                                              **UNITED STATES DISTRICT JUDGE**