UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**Case No. 2:05-cr-49(5)**
**JUDGE EDMUND A. SARGUS, JR.**

   v.

**EDDIE L. SHIPLEY,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Eddie Shipley's Motion for Compassionate Release (ECF No. 245). For the following reasons, Defendant's motion is **DENIED**.

### I. BACKGROUND

On June 20, 2006, Defendant pled guilty to one count of conspiracy to distribute over five grams of crack cocaine and one count of possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 182.) The Court sentenced Defendant to 70 months' imprisonment for the drug conspiracy conviction and 60 month's imprisonment for possession of a firearm in furtherance of drug trafficking conviction. (ECF Nos. 206, 226.) The Court ordered both sentences to run concurrently to Defendant's state court sentences.

On October 24, 2008, pursuant to 18 U.S.C. § 3582(c)(2), the Court reduced Defendant's sentence on the drug conspiracy conviction to 60 months. (ECF No. 224.) The Court subsequently ordered counsel to determine whether the defendant qualified for relief under the First Step Act. (ECF No. 236.) Counsel for the defendant filed a status report with the Court indicating that the defendant did not qualify for any relief under the First Step Act because he had been convicted of a crime of violence. (ECF. No. 237.) The Court thereafter denied Defendant's motion for different

1

counsel to review his eligibility for a reduced sentence under the First Step Act, concurring with defendant's counsel that based on Defendant's conviction of 18 USC § 924(c), he would not qualify for such relief. (ECF. No. 238.) Despite the Court's order, Defendant filed a pro se motion for a reduction of sentence under the First Step Act (ECF. No. 239) which this Court denied on December 21, 2020. (ECF. No. 244).

On September 21, 2021, Defendant filed the instant motion for compassionate release (ECF. No. 245). The Government responded (ECF No. 246). The motion is ripe for review.

## II. STANDARD

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 978 F.3d at 1006. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1007. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 978 F.3d at 1008. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.  ANALYSIS

Defendant's motion must be denied because he has not submitted proof that he exhausted the statute's administrative requirements. Defendant "bears the burden to show he has exhausted his administrative remedies and is entitled to compassionate release." *United States v. McDonald*, No. 94-cr-20256-1, 2020 U.S. Dist. LEXIS 106051, at *7 (W.D. Tenn. June 8, 2020). Defendant's motion indicates that he "received the warden's denial of his request for compassionate release in January 2021" but he has been unable to secure the records after repeatedly requesting them. (ECF

3

No. 245 at 4.) The Government obtained a copy of the Warden's response, dated December 30, 2020. (ECF No. 246, Ex. 1.) The Warden's denial, however, related to the defendant's request for compassionate release based on concerns about COVID-19. (*Id.*) Defendant's current request to the Court is based on different grounds for relief—his father's poor health. Because Defendant must exhaust his administrative remedies with the same claims he now presents to the Court, he has failed to exhaust his administrative remedies.

However, even if Defendant Shipley had properly exhausted his administrative remedies, he is still not entitled to compassionate release because he does not allege an extraordinary and compelling reason for release. Defendant Shipley avers that his father "lives alone in Columbus, Ohio, and is in declining health, [and] suffering from frequent falls…related to his chronic underlying neuropathy." (ECF No. 245 at 11.) He further avers that his father "has been under the constant care of Ohio Health." The Court appreciates Mr. Shipley's concern for his father; however, such circumstances do not establish an extraordinary and compelling reason, "particularly when a defendant does not establish that his family member is incapacitated and that he is the only potential caregiver." *United States v. Green*, No. 07-20411, 2021 U.S. Dist. LEXIS 162022, at *5 (E.D. Mich. Aug. 26, 2021); *see also United States v.* Ingram, No. 2:14-cr-40, 2019 U.S. Dist. LEXIS 118304, at *2 (S.D. Ohio July 16, 2019) (finding no extraordinary or compelling reason where the defendant's 93-year-old mother suffered from chronic kidney disease and multiple myeloma, and was in hospice with no other relatives to care for her."); *United States v. Schnabel*, No. 2:17-cr-169, 2020 U.S. Dist. LEXIS 115970, at *12 (S.D. Ohio July 1, 2020) (finding no extraordinary and compelling reason where the defendant's mother suffered from "hypertension, asthma, emphysema, hypertension, obesity, and cardiac problems which resulted in the installation of a pacemaker.").

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release (ECF No. 245) is **DENIED**.

**IT IS SO ORDERED.**

**8/8/2022**                                                **s/Edmund A. Sargus, Jr.**
**DATE**                                                     **EDMUND A. SARGUS, JR.**
                                                                **UNITED STATES DISTRICT JUDGE**